IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01202-BNB

LEO SIMMONS,

    Plaintiff,

v.

H. BRILL, Warden,
PHILLIPS, Chairperson,
J. GRAY, Health Service Administrator,
MERCHANT,
FRAZIER, and
DOWD,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 14 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Leo Simmons, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado. Mr. Simmons, acting *pro se*, initiated this action by filing a Prisoner Complaint in which he asserts that his constitutional rights have been violated. He seeks money damages and injunctive relief.

On August 27, 2009, the Court directed Mr. Simmons to amend his Complaint and to assert claims that have placed him in imminent danger of serious physical injury, because he is subject to filing restrictions under 28 U.S.C. § 1915(g). Mr. Simmons also was instructed to assert personal participation by each named defendant and to explain in the Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right the defendant violated. Mr. Simmons filed an Amended Complaint on October 1, 2009.

The Court must construe the Amended Complaint liberally because Mr. Simmons is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court finds that Mr. Simmons again fails to assert only specific claims of imminent danger of serious physical injury. The only claims that possibly could be considered as an attempt by Mr. Simmons to assert claims of imminent danger are his medical treatment claims regarding the infection in his feet; the failure to treat his preexisting medical conditions, including his chronic back pain and his post-traumatic stress disorder; and the delay in treating his "flu-like" symptoms. Nonetheless, Mr. Simmons continues to attempt to include other claims including the denial of access to the prison law library, improper classification, and "unauthorized hearings," which do not assert imminent danger of serious physical injury. (Compl. at 6.)

Therefore, the Court will instruct Mr. Simmons to amend the Complaint and assert **only** claims of imminent danger of serious physical injury. The Court also notes that Mr. Simmons fails to assert, as he was instructed to do in the August 27, 2009, Order, what each defendant did to him, when the defendant did the action, how the defendant's action harmed him, and what specific legal right he believes the defendant violated with respect to his medical treatment claims. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Simmons file **within thirty days from the date of this Order** a Second Amended Complaint that is in keeping with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Simmons, together

with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Second Amended Complaint. It is

FURTHER ORDERED that if Mr. Simmons fails within the time allowed to file an original and sufficient copies of a Second Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED October 14, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01202-BNB

Leo Simmons
Prisoner No. 62094
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/14/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk