IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01202-BNB

LEO SIMMONS,

    Plaintiff,

v.

H. BRILL, Warden,
PHILLIPS, Chairperson,
MINDEE MITCHELL,
ANGELA MORELAND,
MERCHANT, C/O,
FRAZIER, C/O,
DOWD, C/O, and
DELGADO, C/O,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 12 2010

GREGORY C. LANGHAM
CLERK

---

### ORDER DENYING MOTION FOR RECONSIDERATION

---

At issue is the "Motion for Reconsideration of Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915 in Part and Denying Leave to Proceed Pursuant to § 1915 in Part" that Plaintiff Leo Simmons filed on January 25, 2010. For the reasons stated below the Motion will be denied.

Mr. Simmons is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado. Mr. Simmons, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights have been violated. Subsequently, he filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

On August 7, 2009, Magistrate Judge Boyd N. Boland instructed Mr. Simmons to show cause why he should not be denied leave to proceed pursuant to § 1915 because

he was subject to filing restrictions under § 1915(g). In the Response, Mr. Simmons asserted vague and conclusory medical claims. By Order dated August 27, 2009, Magistrate Judge Boland deferred a ruling on the motion to proceed pursuant to § 1915 in order to consider Mr. Simmons' medical claims. Magistrate Judge Boland directed Mr. Simmons to amend his Complaint to identify how he has been placed in imminent danger of serious physical injury. Magistrate Judge Boland also instructed Mr. Simmons to identify in the Amended Complaint how each named defendant personally participated by explaining what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right the defendant violated.

Mr. Simmons filed an Amended Complaint on October 1, 2009, and again failed to specify how he has been placed in imminent danger of serious physical injury. Magistrate Judge Boland, nonetheless, allowed Mr. Simmons a second opportunity to comply with the Court's directive. However, Magistrate Judge Boland specifically ordered Mr. Simmons to amend his Complaint to allege only claims regarding imminent danger. On December 10, 2009, Mr. Simmons filed a Second Amended Complaint.

Upon review of the Second Amended Complaint, this Court found that the only claims asserting imminent danger of serious physical injury are Mr. Simmons' medical treatment claims. The Court, therefore, on January 11, 2010, denied the § 1915 Motion with respect to Claims One and Three and instructed Mr. Simmons that if he desired to pursue these claims in this action he must pay the $350.00 filing fee pursuant to 28 U.S.C. § 1914(a).

On January 25, 2010, Mr. Simmons filed a Motion for Reconsideration objecting to the January 11 Order and seeking permission to proceed pursuant to 28 U.S.C.

§ 1915 in all of the claims raised. In the Motion, Mr. Simmons asserts that he is deprived of access to the Court because he is unable to obtain copies from the prison law library of cases cited by this Court. Mr. Simmons further asserts that his medical claims and his classification claims show that he is in imminent danger because his illnesses are going untreated and he has been placed in a high-security prison facility.

The Court has granted Mr. Simmons leave to proceed pursuant to § 1915 with respect to his medical claims. Mr. Simmons, however, still fails to assert imminent danger of serious physical injury with respect to his access claim and his classification claim. Mr. Simmons is required to provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." **Martin v. Shelton**, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations of harm are insufficient. **White v. Colorado**, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Nothing in the Motion for Reconsideration addressing Mr. Simmons' access claim or his classification claim sets forth specific facts alleging serious physical injury or misconduct evidencing the likelihood of imminent serious physical injury. Mr. Simmons' challenges to the January 11 Order lack merit. The Motion for Reconsideration, therefore, will be denied.

Mr. Simmons has been given enough opportunities to assert claims of imminent danger of serious physical injury. Other than his medical claims, nothing he has asserted in his amended complaints or in his Motion for Reconsideration states a claim of imminent danger of serious physical injury. Mr. Simmons is warned that his continual attempts to proceed with claims that are disallowed under § 1915(g) is abusive. Mr.

Simmons is instructed that the only proper filing at this time is a payment in full of the $350.00 filing fee if he desires to proceed with all of his claims. Accordingly, it is

ORDERED that Mr. Simmons' Motion for Reconsideration (Doc. No. 16) filed on January 25, 2010, is denied. It is

FURTHER ORDERED that Mr. Simmons shall have **thirty days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue Claims One and Three. It is

FURTHER ORDERED that if Mr. Simmons fails to pay the entire $350.00 filing fee within the time allowed Claims One and Three will be dismissed, and the Court will proceed to review the merits of Mr. Simmons' medical claims.

DATED at Denver, Colorado, this 10th day of February, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01202-BNB

Leo Simmons
Prisoner No. 62094
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

      I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on **2/12/10**

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk