IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01202-MSK-MJW

LEO SIMMONS,

        Plaintiff,

v.

MERCHANT, C/O,
FRAZIER, C/O, and
DOWD, C/O,

        Defendants.

_____

**OPINION AND ORDER GRANTING MOTION TO DISMISS AND CLOSING CASE**
_____

**THIS MATTER** comes before the Court pursuant to Defendants Dowd and Frazier's Motion to Dismiss **(# 49)**, to which no response has been filed.

Mr. Simmons is an inmate in the custody of the Colorado Department of Corrections ("CDOC"). He commenced this action **(# 4)** *pro se*, asserting three claims against a variety of CDOC officials, and sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On August 7, 2009, Magistrate Judge Boland noted **(# 8)** that Mr. Simmons is under a filing restriction pursuant to 28 U.S.C. § 1915(g), because three or more lawsuits previously brought by Mr. Simmons while incarcerated had been dismissed as frivolous. By operation of §1915(g), Mr. Simmons can thus only bring a civil suit *in forma pauperis* by showing that he "is under imminent danger of serious physical injury." As a result, the Magistrate Judge directed Mr. Simmons to show cause why he should not be denied leave to proceed *in forma pauperis*.

1

Mr. Simmons filed a response **(# 9)**, that. among other things, included vague claims of medical mistreatment. Finding that response insufficiently conclusory, the Magistrate Judge directed **(# 10)** that Mr. Simmons file a (Second) Amended Complaint that adequately set forth a claim demonstrating an imminent danger of serious physical injury and that properly identified those Defendants who had personally participating in bringing about that danger of physical injury.

Mr. Simmons filed a Second Amended Complaint **(# 11)**, but the Magistrate Judge found **(# 12)** that Second Amended Complaint to again be deficient. Among other things, although it included certain claims alleging inadequate medical treatment for an infection in his feet, his preexisting medical conditions (back pain and post-traumatic stress disorder), and current "flu-like symptoms," Mr. Simmons had also improperly included a variety of additional claims concerning matters that posed no threat to his physical safety. The Magistrate Judge thus directed Mr. Simmons to again amend his complaint to "assert only claims of imminent danger of serious physical injury," and again, to specifically identify how each named Defendant allegedly personally participated in the actions giving rise to the claim.

Mr. Simmons filed a Third Amended Complaint **(# 13)**. On January 11, 2010, the Magistrate Judge partially granted **(# 15)** Mr. Simmons' request to proceed *in forma pauperis*, noting that Mr. Simmons' "medical treatment claims" arguably involved allegations of imminent danger of serious physical injury, but that Mr. Simmons' remaining claims did not. Accordingly, the Magistrate Judge granted Mr. Simmons leave to proceed *in forma pauperis* solely for the purpose of pursuing the claims of inadequate medical treatment, and directed that, to the extent Mr. Simmons wished to pursue any other claims in his Third Amended Complaint (*e.g.* claims

for denial of access to the prison law library, improper classification, and "unauthorized hearings"), he would have to pay the full $ 350 filing fee within 30 days.

On March 22, 2010, Senior Judge Weinshienk, observing that Mr. Simmons had failed to pay the full filing fee in the time permitted, dismissed **(# 24)** Mr. Simmons' non-medical claims. With regard to the medical treatment claims, the United States Marshal was directed to attempt service on Defendants Dowd, Frazier, and Merchant. Defendants Dowd and Frazier waived service upon them **(# 38)**, but the Marshal returned unexecuted **(# 45)** the process designated for Defendant Merchant, noting that Defendant Merchant no longer worked at the facility whose address Mr. Simmons had provided. The record does not indicate that Mr. Simmons has since attempted to provide the Marshal with an updated address for Defendant Merchant, and thus, Defendant Merchant remains unserved in this action.[1]

Mr. Simmons' medical treatment claims in his Third Amended Complaint **(# 13)** are somewhat verbose and elliptical. He apparently contends that he suffers from "severe back, disc and neck pain" that is the result of a "pre-existing injury." He contends that the "medical department" at his facility told him that "since [they] did not cause the injury that they are not going to treat [him] for the pre-existing injury." He contends that, without treatment for his back condition, he "simply endures a life of limitations and pain." He complains that "these doctors do not have a severe back, disc, and neck pain protocol" and "do not offer severe pain sufferers real options that involves no drugs, no surgery, no injections." He states that "the doctors

---

[1] For these reasons, the Court dismisses the claims against Mr. Merchant pursuant to Fed. R. Civ. P. 4(m). In any event, the analysis discussed herein would apply with equal force to the claims against Mr. Merchant, and thus, the Court would also dismiss the claims against Mr. Merchant on their merits.

underestimated how much care is required when I was removed from chronic care for me only refusing bad medical treatment and care that was not authorized by the medical profession." He states that the medical staff has prescribed certain medication for him to take, but that unspecified persons instead give him "a substitute type of medication that has worse side effects" than the medication actually prescribed for him. He states that "I need to see a specialist and to see if they can help me with their unique, exclusive, and non-invasive treatment that has helped me in the past."

Separately, Mr. Simmons complains that although he has been prescribed a "soft diet," unnamed persons in "the food service department" have refused to provide him that diet, instead providing him "just a regular meal." He also contends that when he arrived in his current facility, he brought to the medical department's attention that he needed treatment for conditions that were "getting worse," such as "feet infections that needed to be taken care of and treated," but that "this was ignored." He states that he has been issued "used shoes that have not been disinfected."

Defendants Dowd and Frazier have moved **(# 49)** to dismiss the claims against them, arguing that: (i) the claims fail to adequately allege a violation of the 8th Amendment to the U.S. Constitution, enforceable under 42 U.S.C. § 1983, insofar as Mr. Simmons has not identified sufficiently serious medical needs nor shown that Defendants Dowd and Frazier failed to treat those needs while evidencing a sufficiently culpable state of mind; (ii) that Mr. Simmons' claims fail to allege facts sufficient to demonstrate Defendants Dowd and Frazier's personal participation in any constitutional deprivation; and (iii) that Mr. Simmons' medical treatment claims fail to allege facts demonstrating an "imminent danger of serious physical injury," such

that leave to proceed on these claims *in forma pauperis* should be denied.

In considering Mr. Simmons' filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Simmons' use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Simmons of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Simmons according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Although the Court agrees, to varying degree, with each of the arguments raised by Defendants Dowd and Frazier, the Court will confine its discussion to Mr. Simmons' failure to allege personal participation by any of the Defendants. Facts demonstrating the extent to which each Defendant personally participated in the acts giving rise to the constitutional deprivation are an "essential element" of a § 1983 claim. *Trujillo v. Williams,* 465 F.3d 1210, 1227 (10th Cir. 2006); *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996). Here, nothing in Mr. Simmons' discussion of his medical issues indicates that Defendants Dowd and Frazier were the individuals responsible for denying him medical treatment. Defendants Dowd and Frazier are not mentioned by name anywhere in Mr. Simmons' recitation of the facts underlying his medical treatment claims; indeed, the only place that the Court has located references to Defendants Dowd and Frazier in the Third Amended Complaint are in the initial identification of parties.

There, Mr. Simmons states, with regard to both Defendants Dowd and Frazier, that "the named individual . . . acted in an unauthorized process of law by depriving me of authorized medical process and treatment or a proper avenue to receive proper medical treatment or a process through which proper medical care could be obtained in the medical process."

This conclusory and disjunctive allegation is insufficient to carry Mr. Simmons' burden of specifically identifying those acts by Defendants Dowd and Frazier that demonstrate their personal participation in the deprivation of Mr. Simmons' rights. As the Supreme Court recently noted in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), even a *pro se* pleader must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Here, Mr. Simmons' bare assertion that Defendants' Dowd and Frazier "depriv[ed] me of authorized medical process" – or took one of two other types of actions against him – are nothing more than conclusions, for which no factual basis is supplied. The Court (not to mention the Defendants) simply has no ability to ascertain how Mr. Simmons' reached the conclusion that the Defendants violated his rights. Under these circumstances, the Court finds that Mr. Simmons has failed to plead facts sufficient to demonstrate Defendants Dowd and Frazier's personal participation in the conduct at issue.

Ordinarily, when faced with a party's – particularly a *pro se* party's – failure to plead facts sufficient to state all of the elements of a claim, the Court would consider whether to grant that party leave to amend the complaint to correct such a defect. But leave to amend a pleading can be denied where the Court finds, among other things, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, or the futility of any possible amendment. *Beerheide v. Zavaras*, 997 F.Supp. 1405, 1409 (D. Colo. 1998), *citing*

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, the Court finds that Mr. Simmons has twice been granted leave by the Magistrate Judge to amend his complaint, and on both occasions, the Magistrate Judge advised Mr. Simmons to ensure that his amended pleading specifically set forth facts showing how each named Defendant personally participated in the conduct at issue.  Mr. Simmons' inability to comply with that requirement (and other requirements specified by the Magistrate Judge, such as the obligation to restrict his amended pleadings to those claims posing an imminent risk of physical injury) after two previous opportunities to do so strongly suggests that granting him additional leave to do so will be unavailing.  Moreover, as the Court notes above, it finds some merit in the Defendants' remaining arguments, strongly suggesting that any attempted amendment by Mr. Simmons would prove futile.  Accordingly, the Court declines to grant Mr. Simmons additional opportunities to plead.

Accordingly, Defendants Dowd and Frazier's Motion to Dismiss **(# 49)** is **GRANTED**. The claims against Defendants Dowd and Frazier are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6), and, as set forth above, the claims against Mr. Merchant are **DISMISSED** *sua sponte* pursuant to Fed. R. Civ. P. 4(m).  The Clerk of the Court shall close this case.

Dated this 22nd day of February, 2011

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

7